Jason T. Lao (SBN 288161)
jason.lao@haynesboone.com
Andrea Levenson (SBN 323926)
andrea.levenson@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

Joseph Lawlor (admitted *pro hac vice*)
joseph.lawlor@haynesboone.com
Richard Rochford
(admitted *pro hac vice*)
richard.rochford@haynesboone.com
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

*Attorneys for Plaintiff Benebone LLC*

Steven J. Nataupsky (SBN 155,913)
steven.nataupsky@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Adam R. Aquino (SBN 324,526)
adam.aquino@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Benjamin B. Anger (SBN 269,145)
ben.anger@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

*Attorneys for Defendant
Pet Qwerks, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEBONE LLC,<br><br>Plaintiff,<br><br>v.<br><br>PET QWERKS, INC.,<br><br><br><br>Defendant. | Case No.: 8:20-cv-00850-AB-AFM<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, market research, and other valuable research, marketing, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Information such as sales volumes, sales units, costs of goods sold, price structures, business costs, profit margins, customer lists, marketing strategies, and competitive business plans may need to be disclosed only to a party's attorneys due to the potential for competitive harm.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the

parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.   To adequately protect information the parties are entitled to keep confidential and to prevent competitive harm, two tiers of confidentiality designations—"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY"—are required.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.   <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.   In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc*., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under

**STIPULATED PROTECTIVE ORDER**

seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: Case No.  8:20-cv-00850-AB-AFM

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"</u> <u>Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things or the portion thereof that a Designating Party reasonably and in good faith believes qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement, including:

(a) trade secrets or other highly sensitive business information or product expansion plans or developments, whose disclosure to a competitor would create a substantial risk of injury; or

(b) any other category of information this Court subsequently affords HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY status.

2.5 <u>Counsel:</u>  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or <u>"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."</u>

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association or

**STIPULATED PROTECTIVE ORDER**

1 | other legal entity not named as a Party to this action.

2       2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a
3 party to this Action but are retained to represent or advise a party to this Action
4 and have appeared in this Action on behalf of that party or are affiliated with a law
5 firm that has appeared on behalf of that party, and includes support staff.

6       2.12 <u>Party</u>: any party to this Action, including all of its officers, directors,
7 employees, consultants, retained experts, and Outside Counsel of Record (and their
8 support staffs).

9       2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
10 Discovery Material in this Action.

11       2.14 <u>Professional Vendors</u>: persons or entities that provide litigation
12 support services (e.g., photocopying, videotaping, translating, preparing exhibits or
13 demonstrations, and organizing, storing, or retrieving data in any form or medium)
14 and their employees and subcontractors.

15       2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is
16 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY
17 EYES ONLY"

18       2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
19 Material from a Producing Party.

20 3.    <u>SCOPE</u>

21       The protections conferred by this Stipulation and Order cover not only
22 Protected Material (as defined above), but also (1) any information copied or
23 extracted from Protected Material; (2) all copies, excerpts, summaries, or
24 compilations of Protected Material; and (3) any testimony, conversations, or
25 presentations by Parties or their Counsel that might reveal Protected Material. Any
26 use of Protected Material at trial shall be governed by the orders of the trial judge.
27 This Order does not govern the use of Protected Material at trial.

28

4.      DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**STIPULATED PROTECTIVE ORDER**

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or the legend "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend") to at least the first page of the document that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

**STIPULATED PROTECTIVE ORDER**

(b)     for testimony given in deposition or other proceeding, the Designating Party shall specify all protected testimony and the level of protection being asserted or, in the alternative, it may designate on the record at the deposition that the entire transcript be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.   If the Designating Party designates the entire transcript CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, within 21 days after the final transcript is available, the Designating Party must provide written notice to the other party specifically identifying by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" in accordance with this Stipulated Protective Order, otherwise the entire transcript will be de-designated and not afforded any protection as including confidential information.    The Producing Party will have the right to exclude from attendance at a deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, counsel, the court reporter, the videographer, designated experts, and any person(s) agreed upon by counsel for the Producing Party.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or legend "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the

provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges.     Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

        6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

        6.3     Joint Stipulation.   Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

        6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges or designations made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**STIPULATED PROTECTIVE ORDER**

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone

1  except as permitted under this Stipulated Protective Order; and

2      (i)    any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES

5  ONLY" Information or Items.  Unless permitted in writing by the Designating

6  Party, a receiving party may disclose material designated HIGHLY

7  CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

8      (a)    The Receiving Party's Outside Counsel of Record in this action and

9  other attorneys from Outside Counsel of Record's law firm and employees of

10  Outside Counsel of Record to whom it is reasonably necessary to disclose the

11  information for this Action;

12      (b)    Experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this Action and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15      (c)    the Court and its personnel;

16      (d)    court reporters and their staff;

17      (e)    professional jury or trial consultants, and Professional Vendors to

18  whom disclosure is reasonably necessary, and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

20      (f)    the author or recipient of a document containing the material, or a

21  custodian or other person who otherwise possessed or knew the information;

22      (g)    any mediator or settlement officer, and their supporting personnel,

23  mutually agreed upon by any of the parties engaged in settlement discussions.

24      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

25  CONFIDENTIAL-ATTORNEY EYES ONLY" Material to Experts.

26      (a)    A party seeking to disclose to an expert retained by Outside Counsel

27  of Record any information or item that has been designated "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must first (1) set

forth the full name of the expert and the city and state of his or her primary residence, (2) attach a copy of the expert's current resume, (3) identify the expert's current employer(s), (4) identify each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (5) identify (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (3) - (5) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.

(b)     A party that makes a request and provides the information specified in Section 7.4(a) may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the Designating Party providing detailed grounds for the objection.

(c)     A Party that receives a timely written objection ("Objecting Party") must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party objecting to the disclosure to the Expert may file a motion as provided under L.R. 37-1 through L.R. 37-4.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)     Unless the Objecting Party has waived or withdrawn the confidentiality designation, the material in question shall not be disclosed to the

1    relevant expert until the Court rules on the objection.

2    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

3          IN OTHER LITIGATION

4          If a Party is served with a subpoena or a court order issued in other litigation

5    that compels disclosure of any information or items designated in this Action as

6    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

7    ONLY" that Party must:

8          (a)    promptly notify in writing the Designating Party.   Such   notification

9    shall include a copy of the subpoena or court order;

10         (b)    promptly notify in writing the party who caused the subpoena or order

11   to issue in the other litigation that some or all of the material covered by the

12   subpoena or order is subject to this Protective Order. Such notification shall

13   include a copy of this Stipulated Protective Order; and

14         (c)    cooperate with respect to all reasonable procedures sought to be

15   pursued by the Designating Party whose Protected Material may be affected.

16         If the Designating Party timely seeks a protective order, the Party served

17   with the subpoena or court order shall not produce any information designated in

18   this action as Protected Material before a determination by the court from which

19   the subpoena or order issued, unless the Party has obtained the Designating Party's

20   permission. The Designating Party shall bear the burden and expense of seeking

21   protection in that court of its confidential material and nothing in these provisions

22   should be construed as authorizing or encouraging a Receiving Party in this Action

23   to disobey a lawful directive from another court.

24   9.    A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE

25         PRODUCED IN THIS LITIGATION

26         (a)    The terms of this Order are applicable to information produced by a

27   Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL – ATTORNEY EYES ONLY." Such information produced by

**STIPULATED PROTECTIVE ORDER**

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of information that is subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege that protects such material from is not a waiver of the attorney-privilege, or work-product doctrine, or other applicable privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

If a Party through inadvertence produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material is subject to a claim of privilege and request that it be returned to the Producing Party.  If a Producing Party or Non-Party requests the return, pursuant to this paragraph, of any Disclosure or Discovery Material, the Receiving Party shall not use or disclose, and shall immediately return to the Producing Party all copies of such Disclosure or Discovery Material or confirm that all copies have been destroyed.  Return of the Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of privilege nor shall it foreclose any Party from moving the court for an order that such Disclosure or Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>PROSECUTION BAR</u>

Absent written consent from the Designating Party, any individual who receives access  to HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information shall not be involved in the prosecution of patent applications concerning the field of the invention of the patents-in-suit for the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings.

1   14.   FINAL DISPOSITION

2          After the final disposition of this Action, as defined in paragraph 4, within

3   60 days of a written request by the Designating Party, each Receiving Party must

4   return all Protected Material to the Producing Party or destroy such material. As

5   used in this subdivision, "all Protected Material" includes all copies, abstracts,

6   compilations, summaries, and any other format reproducing or capturing any of the

7   Protected Material.Whether the Protected Material is returned or destroyed, the

8   Receiving Party must submit a written certification to the Producing Party (and, if

9   not the same person or entity, to the Designating Party) by the 60 day deadline that

10  (1) identifies (by category, where appropriate) all the Protected Material that was

11  returned or destroyed and (2) affirms that the Receiving Party has not retained any

12  copies, abstracts, compilations, summaries or any other format reproducing or

13  capturing any of the Protected Material. Notwithstanding this provision, Counsel

14  are entitled to retain an archival copy of all pleadings, motion papers, trial,

15  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

16  and trial exhibits, expert reports, attorney work product, and consultant and expert

17  work product, even if such materials contain Protected Material.   Any such

18  archival copies that contain or constitute Protected Material remain subject to this

19  Protective Order as set forth in Section 4 (DURATION).

20  15.   VIOLATION

21          Any violation of this Order may be punished by appropriate measures

22  including, without limitation, contempt proceedings and/or monetary sanctions.

23

24  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

25

26

27

28

HAYNES AND BOONE, LLP

1

2

3  Dated:  October 27, 2020        By: ___/s/ Joseph Lawlor_____
4                                      Jason T. Lao (SBN 288161)
                                        jason.lao@haynesboone.com
5                                      Andrea Levenson (SBN 323926)
                                        andrea.levenson@haynesboone.com
6                                      **HAYNES AND BOONE, LLP**
                                        600 Anton Boulevard, Suite 700
7                                      Costa Mesa, California 92626
                                        Telephone: (949) 202-3000
8                                      Facsimile: (949) 202-3001

9                                      Joseph Lawlor (admitted *pro hac vice*)
                                        Joseph.lawlor@haynesboone.com
10                                      Richard Rochford (*pro hac vice* pending)
                                        richard.rochford@haynesboone.com
11                                      **HAYNES AND BOONE, LLP**
                                        30 Rockefeller Plaza, 26th Floor
12                                      New York, NY 10112
                                        Telephone: (212) 659-7300
13                                      Facsimile: (212) 918-8989

14                                      *Attorneys for Plaintiff Benebone LLC*

15

16                              KNOBBE, MARTENS, OLSON & BEAR, LLP

17

18  Dated:  October 27, 2020        By: /s/  Benjamin Anger_____
                                        Steven J. Nataupsky
19                                      Ali S. Razai
                                        Benjamin B. Anger
20                                      Adam R. Aquino

21                                      *Attorneys for Defendant Pet Qwerks, Inc.*

22

23

24  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

25

26  DATED: _10/27/2020_____        _____

27                                  Hon. Alexander F. MacKinnon
                                    United States Magistrate Judge
28

19

**STIPULATED PROTECTIVE ORDER**

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective

6

Order that was issued by the United States District Court for the Central District

7

of California on [date] in the case of  [insert formal name of the case and the

8

number and initials assigned to it by the court]. I agree to comply with and to be

9

bound by all the terms of this Stipulated Protective Order and I understand and

10

acknowledge that failure to so comply could expose me to sanctions and

11

punishment in the nature of contempt. I solemnly promise that I will not disclose

12

in any manner any information or item that is subject to this Stipulated Protective

13

Order to any person or entity except in strict compliance with the provisions of

14

this Order. I further agree to submit to the jurisdiction of the United States District

15

Court for the Central District of California for enforcing the terms of this

16

Stipulated Protective Order, even if such enforcement proceedings occur after

17

termination of this action.

18

I hereby appoint _____ [print or type full name] of

19

_____ [print or type full address and

20

telephone number] as my California agent for service of process in connection

21

with this action or any proceedings related to enforcement of this Stipulated

22

Protective Order.

23

Date: _____

24

City and State where sworn and signed: _____

25

Printed name: _____

26

27

Signature: _____

28

33690687

_____

**STIPULATED PROTECTIVE ORDER**