UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:20-cv-00850-AB-AFMx                                   Date: February 18, 2021

Title  Benebone LLC v. Pet Qwerks, Inc., et al.

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**  **Order Granting Defendants Pet Qwerks, Inc. and Doskocil Manufacturing Company, Inc. D/B/A Petmate's Motion to Compel Plaintiff Benebone LLC's Production of Slack Communications (ECF No. 88)**

Defendants Pet Qwerks, Inc. and Doskocil Manufacturing Company, Inc. d/b/a Petmate (collectively, "Defendants"), have filed a motion seeking to compel Plaintiff Benebone LLC ("Benebone") to be required to produce Slack communications responsive to Defendants' document requests. For the reasons provided below, Defendants' motion is **GRANTED** to the extent set out herein.

**I.     Background**

Slack is a cloud-based software system that allows a company to organize its electronic discussions into user-defined categories called "channels." Plaintiff Benebone uses Slack, as well as standard email, for its internal communications.

During the parties' early discussions regarding discovery of electronically stored information, Defendants sought to include Benebone's Slack messages in the parties' Stipulated ESI Order, and Benebone took the position that Slack messages should be excluded from discovery. The parties requested a telephonic discovery conference with the Court to address this, and each side submitted a short brief outlining its position.  (*See* ECF Nos. 60-63.) Defendants included a declaration from Michael Gutierrez, Director of Forensic Services at Xact Data Discovery, an e-discovery vendor that Defendants have engaged for this case. During the telephonic discovery conference on November 23, 2020, the Court concluded that Benebone's Slack messages are relevant, but it lacked sufficient information to determine whether Slack discovery would be proportional to the needs of the case. Accordingly, the Court ordered the parties to meet and confer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00850-AB-AFMx                                           Date: February 18, 2021

Title      Benebone LLC v. Pet Qwerks, Inc., et al.

further regarding possible Slack production after Benebone had obtained additional information about its Slack account and what would be required to search and produce responsive Slack messages.

As part of the meet and confer process, Benebone informed Defendants that its Slack account contains approximately 30,000 messages. Benebone also estimated that it would cost $110,000 to $255,000 to extract, process, and review these 30,000 messages. Based on these cost estimates, Benebone maintained that searching and producing documents from Slack would be an undue burden and would not be proportional to the needs of the case. Defendants disagreed and filed the present motion to compel Benebone to produce its responsive Slack messages. (ECF No. 88.) The parties filed a joint stipulation pursuant to L.R. 37-2, as well as supplemental memoranda. (*See* ECF Nos. 89-92, 102-104.)

In connection with the motion to compel, Defendants submitted a second declaration from Mr. Gutierrez. In his declarations, Mr. Gutierrez stated that he has been involved in multiple lawsuits where Slack messages have been produced. He described a number of tools that software vendors have developed to streamline review and production of Slack messages and explained how extracting, processing, and reviewing Slack messages could take place using currently available software tools. He also provided a cost estimate for doing so in this case. Mr. Gutierrez stated that Xact offers contract review attorneys at a rate of $40 per hour to conduct the first level review of Slack messages, and he provided a cost estimate of $22,000 for Benebone to find and produce its responsive Slack messages. Benebone, on the other hand, stood by its prior estimate of $110,000 to $255,000 based on a blended attorney rate of $400 per hour for Slack review. Benebone did not provide a declaration from an e-discovery expert to support its conclusions or respond to the evidence provided by Mr. Gutierrez.

The Court held a Zoom hearing on February 3, 2021 regarding Defendants' motion to compel. Mr. Gutierrez attended the hearing and answered the parties' and the Court's questions under oath.

**II.      Discussion**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00850-AB-AFMx                                               Date: February 18, 2021

Title     Benebone LLC v. Pet Qwerks, Inc., et al.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Discovery need not be admissible in evidence to be discoverable. *Id.*  However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Boilerplate or general objections are not appropriate, and a party's objections should be specific to each particular discovery request and be supported by evidence.  *See* Fed. R. Civ. P. 34(b)(2). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *United States v. McGraw-Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted)). The Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. [1]

     Here, because Benebone uses Slack as part of its internal business communications, there is no real dispute that Benebone's Slack messages are likely to contain relevant information. The crucial issue is whether requiring Benebone to search for and produce responsive Slack messages would be unduly burdensome and disproportional to the needs of this case. In this regard, the Court relies on Mr. Gutierrez's testimony regarding the estimated cost and level of effort necessary for

---

[1] Slack is a relatively new communication tool, but a few published cases have addressed production of Slack messages. For example, in *Calendar Research LLC v. Stubhub, Inc.*, 2019 WL 1581406, at *4 (C.D. Cal. Mar. 14, 2019), the court granted the plaintiff's motion to compel production of defendants' remaining relevant Slack messages. Similarly, in *BidPrime, LLC v. SmartProcure, Inc.*, 2018 WL 6588574, at *2 (W.D. Tex. Nov. 13, 2018), the Court ordered production of remaining Slack messages because "they may be relevant and SmartProcure has not provided a specific objection to the contrary." *Id.*  In *Milbeck v. Truecar, Inc.*, 2019 WL 4570017 at *3 (C.D. Cal. May 2, 2019), the court denied the plaintiff's motion for Slack production without prejudice, because of an imminent trial date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:20-cv-00850-AB-AFMx                                           Date: February 18, 2021

Title      Benebone LLC v. Pet Qwerks, Inc., et al.

producing the Slack messages. Mr. Gutierrez was a knowledgeable and credible witness on this subject, and his declarations and testimony at the hearing were not rebutted by a Benebone witness.

Mr. Gutierrez testified that third-party tools have been developed over the past several years for collecting and reviewing Slack messages and that review and production of Slack messages has become comparable to email document production through use of these tools. Mr. Gutierrez further testified that it likely would not be necessary for Benebone to search all its Slack messages. Instead, searches likely could be limited to certain Slack channels, users, or custodians – which could significantly reduce the volume of Slack messages requiring review. For instance, in this intellectual property case, it may not be necessary to extract and review messages in a Slack channel dealing with human resources issues.

Moreover, Mr. Gutierrez's declarations and testimony indicate that it is possible to conduct first level review of the pertinent Slack messages via contract attorneys for far less than Benebone's estimated blended rate of $400 per hour. Mr. Gutierrez testified that contract reviewers are available who are licensed attorneys at a rate as low as $40 per hour for first-level review. As discussed during the hearing, Mr. Gutierrez did not include any time or expense for second-level review by more experienced counsel. It is also possible that contract attorneys may cost somewhat more than the hourly rate used in his estimate. Thus, the Court finds that Mr. Gutierrez's estimate of $22,000 for Benebone to review and produce Slack messages is on the low side. However, Benebone's cost estimate of $110,000 to $255,000 for producing the Slack messages is substantially inflated due to its assumption of attorney review of all 30,000 Slack messages at a rate of $400 per hour. As noted above, Benebone did not provide an e-discovery declaration or testimony to support its cost estimate or its position that producing the Slack messages represents an undue burden and is disproportional to the needs of this case.

### III.     Conclusion

Based on the evidence presented in the parties' briefing and at the hearing, the Court finds that requiring review and production of Slack messages by Benebone is generally comparable to requiring search and production of emails and is not unduly burdensome or disproportional to the needs of this case – if the requests and searches are appropriately limited and focused. Defendants' evidence supports this conclusion, and Benebone has responded largely with attorney argument but no witness or declarant on the e-discovery issues.  E-discovery tools are available for this process, and the Slack messages to be reviewed can be narrowed based on the channels or users likely to have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00850-AB-AFMx                                                  Date: February 18, 2021

Title      Benebone LLC v. Pet Qwerks, Inc., et al.

responsive information given the relevant issues in this case. Although Benebone makes cursory reference to other proportionality factors (*see* ECF No. 89 at 22.), its focus has been on the purported burdens associated with production of Slack documents and the fact that Benebone is a small company compared to Defendants. Nevertheless, Benebone seeks the full range of monetary damages in this case, plus injunctive relief against Defendants' accused products – sales of which are allegedly in the millions of dollars. As discussed herein, a focused search for and production of Slack messages is proportional to the needs of this case where Benebone regularly uses Slack messaging for internal business communications and users of Slack include Benebone's marketing director, COO, and CEO (who is also a named inventor on the three asserted design patents). Thus, the Court agrees with Defendants that e-discovery in this case shall include Benebone's Slack messages.

      To be clear, the parties have not fully briefed, and the Court has not resolved by this order, the question of specific request categories and search methodologies to be used for identification, review and production of Benebone's Slack messages. To address what will be searched for and how the search will take place, the parties shall meet and confer no later than **March 5, 2021**. At least seven days before this meet and confer, Benebone shall provide to Defendants a list of its Slack channels, including the title and a brief description of each Slack channel, the number of messages in each Slack channel, the users associated with each Slack channel, and any other data that will assist the parties in tailoring the Slack review and production.

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | ib |